IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND C. WILLIAMS,

                        Petitioner,                                OPINION and ORDER

        v.

STATE OF WISCONSIN,                                                22-cv-567-wmc[1]

                        Respondent.

---

Raymond C. Williams, appearing pro se, is a prisoner at Stanley Correctional Institution. He brings a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his Rock County Circuit Court conviction for one count of kidnapping. Dkt. 1 at 13; *see also State v. Williams*, No. 2009CF915.[2]

The next step is for the court to conduct a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under this rule, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In reviewing this pro se petition, I must read the allegations generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I will dismiss the petition because my review shows that Williams has already brought a habeas petition about this conviction. Under 28 U.S.C. § 2244(b)(3)(A), a

---

[1] I am exericising jurisdiction over this case for the purpose of screening only.

[2] Williams's state circuit court record is publicly available at https://wcca.wicourts.gov.

petitioner may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. A "second or successive" petition is one in which the prisoner is challenging the same conviction that he challenged in a previous petition that was decided on the merits. *In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999). That standard is met in this case.

In 2014, Williams brought a habeas petition in the United States District Court for the Eastern District of Wisconsin challenging his kidnapping conviction on grounds of ineffective assistance of counsel and lack of Wisconsin state-court jurisdiction over the kidnapping charge. The court denied the petition on the merits. *Williams v. Schwochert*, No. 14-cv-108, Dkt. 15 (E.D. Wis. Sept. 24, 2014). The United States Court of Appeals denied Williams a certificate of appealability. *Id.*, Dkt. 28.

In 2017, Williams brough a habeas petition in this court challenging the same conviction and raising five grounds for relief. *Williams v. Dittmann*, No. 17-cv-361-wmc, Dkt. 1 (W.D. Wis. June 29, 2017). After the respondent moved to dismiss the petition as second or successive, Williams asked to dismiss the petition without prejudice because he had not realized that he needed to obtain permission from the court of appeals before pursuing a successive petition. *Id.*, Dkt. 8–9. The court granted Williams's motion. *Id.*, Dkt. 13. The court of appeals denied Williams authorization to file another § 2254 petition. *Williams v. Dittmann*, No. 17–2947, Dkt. 2 (7th Cir. Oct. 18, 2017).

My review of court records shows that Williams has not obtained approval from the court of appeals to pursue his latest petition. If Williams believes that he qualifies for an

2

exception to the rule against filing successive petitions, he must seek permission to file his petition with the court of appeals. I have no authority to consider it until that court gives its approval. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. Because Williams did not obtain approval from the court of appeals, I must dismiss his petition for lack of jurisdiction. Reasonable jurists would not disagree about this outcome, so I will not issue Williams a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner's petition for writ of habeas corpus, Dkt. 1, is DISMISSED for lack of jurisdiction.

2.  Petitioner is DENIED a certificate of appealability. If he wishes, he may seek a
    certificate from the court of appeals under Fed. R. App. P. 22.

Entered May 23, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4